UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
800 Market Street, Suite 130
Knoxville, Tennessee 37902



FILED
JUN 20 2011
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

| | |
|---|---|
| JULLIAN P. GOODRUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:10-CV-390 |
| v. ) | (PHILLIPS/GUYTON) |
| ) | |
| PATRICK R. DONAHUE, ) | |
| United States Postmaster General, ) | |
| ) | |
| Defendant. ) | |

## AMENDED COMPLAINT

Pursuant to the Honorable Bruce Guyton, United States Magistrate Judge, Order Granting the Plaintiff to file an amended complaint on or before July 1, 2011. See attached Order.

This court has jurisdiction under Titles I and V of the American Disabilities Act of 1990 (ADA), Sections 501 and 505 of the Rehabilitation Act of 1973, Civil Rights Act of 1991, Notification and Federal Employee Anti Discrimination and Retaliation Act 2002 (No-Fear Act), Family Medical Leave Act of 1993 (FMLA), Uniformed Service Employment and Reemployment Rights Act (USERRA), Executive Order No. 5396 for special leaves of absence to be given to disabled veterans in need of medical treatment. Information provided to the best of my knowledge at this time.

The facts of this case are the defendant knowingly, willfully and intentionally with malice violated the rights bestowed upon me as a disabled combat veteran and an federal employee with known military service connected disabilities. In addition, the defendant violated the rights and protections in the above paragraph from deploying a scope of unethical and illegal actions as targeting and subjecting me to threatening and harassing behavior, unjustified rapid fire discipline, with holding of pay and benefits, proposed removal from employment, these are just to name a few bullying tactics that has been deployed upon myself for the simple fact of being a veteran, individual and employee with disabilities.

The above actions has been factually proven or proven with a casual nexus from objective and factual documentation, to include electronic messages from the defendant, which are part of the Agency's Investigative Files. Agency Case Number 4H-370-0106-09.

1

Regardless of the investigator failure to produce an objective and non bias investigation, the claims and supporting documentation are in the investigative case files. Note or Interest or Note of Conflict, the defendant is the contracting and paying party to the investigator.

Respectfully request the court lifts an undue burden on my physical and psychological health in means of obtaining the investigative files from the defendant. Agency's Case Number 4H-370-0106-09. In providing each instance with supporting documentation of the actions and behavior of the defendant, would be emotionally over burdensome and cumulative.

The Agency's Investigative Case Files should stand alone in that factual allegations and claims are proven with supporting documentation in the Agency's Case File 4H-370-0106-09. See attached Notification of Right to File a Civil Action.

Wherefore, I the plaintiff respectfully request that the court enter judgement in the plaintiff favor and award the following relief: all wages and other economic benefits lost as a result of the defendant unlawful acts, all cost and attorney fees incurred during the EEO Complaint Process and all cost and expenses incurred during current litigation, Compensatory Damages for pain, suffering and loss of physical and emotional health, harm and loss of quality of life to include personal and professional quality of life. Financial and Economic hardship. Compensatory Damages best to memory at this time. Any and all other legal or equitable relief to which entitled.

Come now plaintiff, Jullian P. Goodrum, Pro Se, respectfully requesting a trail by jury.

I , Jullian P. Goodrum hereby certify under penalty of perjury that the above petition is true to the best of information, knowledge and believe at this time.

Signed this June, day of the 20th , 2011.

*[signature]*

Jullian P. Goodrum, Pro Se Plaintiff
3026-822 Legacy Point Way
Knoxville, Tennessee 37921

2

Case 3:10-cv-00390-TWP-HBG   Document 9   Filed 06/20/11   Page 2 of 5   PageID #: 60

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JULLIAN P. GOODRUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:10-CV-390 |
| | ) (PHILLIPS/GUYTON) |
| V. | ) |
| | ) |
| PATRICK R. DONAHUE, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 7] referring "Plaintiff's Motion to Have the Attached Claim Be Considered Timely Due to Excusable Neglect and for the Claim to Be Amended to Current Case Number 3:10-CV-390 for Both Arises [sic] Out of the Same Acts of Discrimination and Harassment and the Defendant is One and Same" [Doc. 6] to this Court for disposition.

The Plaintiff, who is proceeding *pro se*, is to be afforded a degree of latitude in his filings. See Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999). The Court has reviewed the Plaintiff's motion, and the Court finds that the motion seeks to amend the Complaint in this matter to include additional claims.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, the Court finds that the Plaintiff's request to amend is well-taken, and accordingly, the Plaintiff's Motion **[Doc. 6]** is **GRANTED**. The Plaintiff may file an amended complaint on or before **July 1, 2011**.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

with the appeal, the complainant must submit proof to the EEOC that a copy of the appeal and any supporting documentation and/or brief were also submitted to the:

**NEEOISO – FAD**
**National EEO Investigative Services Office**
**USPS**
**P. O. Box 21979**
**Tampa, FL 33622-1979**

The complainant is advised that if the complainant files an appeal beyond the 30-day period set forth in the Commission's regulations, the complainant should provide an explanation as to why the appeal should be accepted despite its untimeliness. If the complainant cannot explain why the untimeliness should be excused in accordance with EEOC Regulation 29 C.F.R. §1614.604, the Commission may dismiss the appeal as untimely.

## RIGHT TO FILE A CIVIL ACTION

Alternatively, if the complainant is dissatisfied with the Postal Service's decision in this case, the complainant may file a civil action in an appropriate U.S. District Court within 90 calendar days of receipt of the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been rendered. If the complainant chooses to file a civil action, that action should be styled **Jullian P. Goodrum, Complainant v. John E. Potter, Postmaster General**. The complainant may also request the court to appoint an attorney for the complainant and to authorize the commencement of that action without the payment of fees, costs, or security. Whether these requests are granted or denied is within the sole discretion of the District Judge. The application must be filed within the same 90-day time period for filing the civil action.

/Stephanie D. Hart/
Stephanie D. Hart
EEO Services Analyst
NEEOISO
P. O. Box 21979
Tampa, FL 33622-1979

Date: August 2, 2010

Enclosure: EEOC Appeal Form 573

Certificate of Service

I hereby certify that a true and correct copy of the foregoing pleading was served on the following persons:

1. United States Postmaster General Donahue
   475 L'Enfant Plaza, SW
   Washington, DC 20260

   Delivery Confirmation Number  0310 2640 0001 1449 8991

2. United States Attorney General
   United States Department of Justice
   950 Pennsylvania Ave, NW
   Washington, DC 20530

   Delivery Confirmation Number  0310 2640 0001 1449 9004

3. United States District Attorney
   Eastern District of Tennessee
   800 Market Street, Suite 130
   Knoxville, Tennessee 37902

   Delivery Confirmation Number 0310 2640 0001 1449 9011

by depositing same in the United States mail this 20th day of June, 2011.

Jullian P. Goodrum, Pro Se Plaintiff
3026-822 Legacy Point Way
Knoxville, Tennessee 37921
cell 865-748-1240