# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| JULIAN P. GOODRUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  3:10-CV-390 |
| | ) | (Phillips) |
| PATRICK R. DONAHUE, | ) | |
| Postmaster General, U.S. Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff filed this action on September 2, 2010.  On June 19, 2012, the court entered an order directing plaintiff to effect service of process upon the defendant.  Plaintiff was given up to and including July 29, 2012, in which to effect service of process. Plaintiff has not, to this date, served process upon defendant, and on November 16, 2012, the court ordered plaintiff to show cause why this action should not be dismissed for failure to prosecute and effect service of process upon defendant.  Although plaintiff responded that he has attempted to serve defendant, plaintiff has failed to complete service upon defendant.

Although *pro se* litigants are afforded significant leeway, those who proceed without counsel must still comply with the procedural rules that govern civil cases." *Frame*

*v. Superior Fireplace*, 2003 WL 22114026 (6th Cir. Sept. 10, 2003) (citing *Haines v. Kerner*,

404 U.S. 519, 520 (1972)); *McNeil v. United States*, 508 U.S. 106 (1993).


Rule 12(a)(2), Federal Rules of Civil Procedure, provides that the "United

States, a United States agency, or a United States officer or employee sued only in an

official capacity must serve an answer to a complaint . . . within 60 days after service on

the United States Attorney." Service of a summons is governed by Rule 4, Federal Rules

of Civil Procedure. Rule 4(c) requires that "[a] summons must be served with a copy of the

complaint." Rule 4(c) also makes clear that "[t]he plaintiff is responsible for having the

summons and complaint served within the time allowed by Rule 4(m) and must furnish the

necessary copies to the person who makes service." FRCP 4. Rule 4(i) reiterates the

requirement that the complaint must be served with the summons when serving the United

States. *See* FRCP 4(i).


Rule 4(m) of the Federal Rules of Civil Procedure states:

> If a defendant is not served within 120 days after the complaint
> is filed, the court, on motion or on its own after notice to the
> plaintiff, must dismiss the action without prejudice against the
> defendant or order that service be made within a specified
> time.

Dismissal for non-compliance with Rule 4(m) is mandatory, absent a showing

of "good cause." *Buttrom v. Job-Riveria*, 1991 WL 42179, *1 (6th Cir. Mar. 28, 1991) (citing

*United States v. Gluklick*, 801 F.2d 834, 837 (6th Cir. 1986)). Plaintiff has not shown "good

cause" for his failure to serve the defendant. Plaintiff filed this action on September 2, 2012,

and has failed to serve the complaint and summons upon defendant, despite being granted several extensions of time to do so. Accordingly, the court finds that this action should be dismissed pursuant to Rule 4(m) because service was not accomplished within 120 days after the complaint was filed and plaintiff has not shown good cause for his failure to complete service. Because plaintiff has failed to timely serve defendant as required by Rule 4(m) of the Federal Rules of Civil Procedure, this action is  is hereby **DISMISSED.**

**ENTER:**

_____ s/ Thomas W. Phillips _____
United States District Judge